IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| DAVID DUANE JORDAN. | ) | BANKRUPTCY CASE NO. |
| | ) | 2:17-3198-WRS |
| Debtor, | ) | Chapter 7 |
| | ) | |
| SERVISFIRST BANK, | ) | (Bankruptcy Adversary Proceeding |
| | ) | No. 17-3092-WRS) |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | DISTRICT COURT MISC. NO. |
| | ) | 2:19-MC-3857-WKW |
| DAVID DUANE JORDAN, | ) | [WO] |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter, which arises out of a Chapter 7 bankruptcy proceeding, is an attempt by a creditor to have a federal court of limited jurisdiction oversee its efforts to collect an $800,000 debt at a rate of $600 per month. Because state courts of general jurisdiction are better suited to handling such matters, the court will deny Plaintiff's motion to withdraw the reference (Doc. # 1), related motion for a continuing order of condemnation (Doc. # 3), and the parties' joint motion for entry of a continuing order of condemnation (Doc. # 7).

# I.   BACKGROUND[1]

Plaintiff ServisFirst Bank sought a declaration in bankruptcy court that the debt owed to it by Defendant David Duane Jordan was nondischargeable because it was obtained through fraud. The bankruptcy court entered a stipulated judgment providing that $800,000 of the debt was nondischargeable in bankruptcy under 11 U.S.C. § 523(a)(2)(B), which makes debts procured through a false writing nondischargeable. (Doc. # 1, at 8–9.) After entry of judgment, Plaintiff downloaded forms from the bankruptcy court's website and began wage garnishment proceedings to collect its $800,000 debt. Defendant's wages were to be garnished at a rate of $600 per month. At that rate, the $800,000 debt would be paid off in about 111 years.

Seeking to secure its garnishment, Plaintiff moved the bankruptcy court to enter an order of continuing condemnation. The bankruptcy court denied the motion, but ordered the bankruptcy clerk to pay out any funds held by the court that were owed to Plaintiff. The bankruptcy court further advised that it would abstain from further proceedings initiated by Plaintiff in its efforts to collect its $800,000 debt.

Plaintiff then moved to reopen the adversary proceeding and withdraw the reference. (Doc. # 1.) The bankruptcy court held a hearing on the motion during

---

[1] The facts are taken from the bankruptcy court's memorandum explaining its decision to abstain from further proceedings. (Doc. # 2-1.)

which it explained its view that allowing creditors in bankruptcy to utilize the federal courts to collect their debts would "soon overwhelm" the system. (Doc. # 3-1, at 5.) The bankruptcy court also explained that state courts of general jurisdiction are the appropriate fora for such efforts. Finally, the bankruptcy court warned Plaintiff that the district court had an absolute right to abstain from exercising jurisdiction in this matter and that it would write a memorandum explaining why the district court should abstain.

Plaintiff's motion to withdraw the reference (Doc. # 1), motion for entry of continuing order of condemnation (Doc. # 3), and the bankruptcy court's memorandum (Doc. # 2-1) are now before the district court. After Plaintiff filed these motions, the garnishee filed limited objections (Docs. # 4, 6), reiterating the bankruptcy court's abstention decision.[2] But the garnishee apparently changed its mind and has consented to Plaintiff's motions, since Plaintiff, Defendant, and the garnishee have now filed a *joint* motion for a continuing order of condemnation. (Doc. # 7.) Even so, the district court agrees with the bankruptcy court that abstention is appropriate. This is a matter that state courts of general jurisdiction should handle.

---

[2] These two filings appear to be identical.

## II.  DISCUSSION

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).  Bankruptcy matters are included in federal courts' limited jurisdiction.  Indeed, the district courts have original *and* exclusive jurisdiction over cases arising under title 11, which contains the Bankruptcy Code.[3]  *See* 28 U.S.C. § 1334(a).

But federal courts are not absolutely obligated to take on bankruptcy cases.  Except in a few circumstances not applicable here, a district court "in the interest of justice, or in the interest of comity with State courts or respect for State law," may abstain "from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11."  *Id.* § 1334(c)(1).  And when a district court abstains under § 1334(c)(1), that decision "is not reviewable by appeal."  *Id.* § 1334(d).

Individual debtors like Defendant file for Chapter 7 bankruptcy to discharge their debts.  *See* 11 U.S.C. § 727(a).  A successful Chapter 7 bankruptcy discharges the debtor's debts unless they fall into any of the nineteen categories of debts enumerated in 11 U.S.C. § 523 as nondischargeable.  *See* 11 U.S.C. § 727(b).

One kind of nondischargeable debt is any money debt obtained through fraud.  *See* 11 U.S.C. § 523(a)(2).  The bankruptcy court's stipulated judgment in this case

---

[3] Under an April 25, 1985 General Order of Reference entered by then-Chief Judge Hobbs, all bankruptcy matters in the Middle District of Alabama are automatically referred to the bankruptcy court.

provided that Defendant's debt to Plaintiff was obtained through a false writing and thus nondischargeable. (*See* Doc. # 1, at 8–9; 11 U.S.C. § 523(a)(2)(B).)

The bankruptcy court had jurisdiction to enter a judgment declaring that $800,000 of Defendant's debt was nondischargeable in bankruptcy. *See* 28 U.S.C. § 1334(a). But the bankruptcy court identified a distinction between a declaration of nondischargeability of a debt and a money judgment on the amount of underlying indebtedness. A declaration of nondischargeability is quintessentially a bankruptcy function, while a money judgment on a debt is a state-law question of contract. And whether a bankruptcy court has jurisdiction to enter a money judgment on a debt is an open question.

After noting that there is no controlling authority on this issue, the bankruptcy court surveyed other courts' decisions and found that, while a majority of courts have said that bankruptcy courts have jurisdiction to enter a money judgment in favor of a creditor, a "vocal minority" hold otherwise. (*See* Doc. # 2-1, at 4–5 (collecting cases).) Still other courts have taken the position that they have jurisdiction to enter a money judgment but should abstain from overseeing the liquidation of the debt. (*See* Doc. # 2-1, at 5 (collecting cases).)

Without ruling on the jurisdictional issue, the court finds that abstention is the appropriate course here. Now that Defendant's debt has been declared nondischargeable, all that remains is for Plaintiff to collect it. Determination of the

amount of the debt, the manner of its collection, and the money judgment's expiration date are all matters of state law and should be decided by state courts. As the bankruptcy court suggested, if all creditors utilized federal courts in the way Plaintiff proposes, the administrative burden would be unbearable. Federal courts are not debt-collection agencies.

Of course, federal courts are equipped to handle some collection proceedings. A federal statute provides that courts may issue writs of garnishment to satisfy debts. *See* 28 U.S.C. § 3205. But the federal garnishment statute is designed to help creditors collect *federal judgments*. The money judgment Plaintiff seeks is one governed by state law that would be in state court but for Defendant's bankruptcy petition. *See* Ralph Brubaker, *On the Nature of Federal Bankruptcy Jurisdiction: A General Statutory and Constitutional Theory*, 41 Wm. & Mary L. Rev. 743, 912–16 (2000) (explaining that a money judgment against the individual debtor is "purely a state-law claim").

The bankruptcy court acknowledged that bankruptcy trustees may garnish wages as part of proceedings to collect property for the benefit of the estate's creditors. But it also noted that wage garnishments benefit *all* creditors by collecting property owed to the estate, while Plaintiff "seeks a wholly private remedy." (Doc. # 2-1, at 8.) Moreover, those garnishment proceedings are in aid of a quintessential bankruptcy function: bringing assets into a bankruptcy estate. What Plaintiff asks

6

this court to do, however, is an administrative function that state courts of general jurisdiction should perform.

Because Plaintiff seeks a remedy that is inappropriate for a federal court to issue, the court declines to use its resources to facilitate Plaintiff's debt-collection efforts.

### III.  CONCLUSION

The court's decision to abstain in no way leaves Plaintiff without a remedy. Plaintiff can seek a money judgment in the courts best suited to determine and apply state law: state courts of general jurisdiction. Plaintiff's motion to withdraw the reference (Doc. # 1) and motion for entry of continuing order of condemnation (Doc. # 3) will be denied, as will the parties' joint motion for entry of a continuing order of condemnation (Doc. # 7). Furthermore, the district court will abstain from further collection proceedings in this case "in the interest of comity with State courts" and out of "respect for State law." 28 U.S.C. § 1334(c).

It is ORDERED:

(1)  Plaintiff's motion to withdraw the reference (Doc. # 1) is DENIED.

(2)  Plaintiff's motion for entry of continuing order of condemnation (Doc. # 3) is DENIED.

(3)  The parties' joint motion for entry of a continuing order of condemnation (Doc. # 7) is DENIED.

(4)  The district court will ABSTAIN from further collection proceedings in this case.

(5)  The Clerk of the Court is DIRECTED to close this case.

DONE this 7th day of May, 2019.

/s/ W. Keith Watkins<br>UNITED STATES DISTRICT JUDGE